# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **CHARLIE M. SMITH, JR.**, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:09cv00019 |
| | ) | **MEMORANDUM OPINION** |
| | ) | |
| **MICHAEL J. ASTRUE**, | ) | |
|  Commissioner of Social Security, | ) | By: PAMELA MEADE SARGENT |
|    Defendant. | ) | UNITED STATES MAGISTRATE JUDGE |

The plaintiff in this social security case seeks an award of attorney's fees pursuant to the Equal Access to Justice Act, ("EAJA"), 28 U.S.C.A. § 2412(d) (West 2006) (Docket Item No. 18) ("the Motion"). Based on the reasoning set out below, the Motion will be denied.

Charlie M. Smith Jr. filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying his claim for a period of disability and disability insurance benefits, ("DIB"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 423. (West 2003 & Supp. 2009). Jurisdiction of this court exists pursuant to 42 U.S.C. § 405(g). The Commissioner answered the suit, filing the administrative record. Thereafter, the court, by order entered November 29, 2009, vacated the Commissioner's decision denying benefits and remanded the case to the Commissioner for further development. (Docket Item No. 17.) Counsel for Smith has filed a petition seeking approval of a fee of $ 1,375.00 for representing Smith in this court. The Commissioner has objected to the fee request as untimely.

Under the EAJA, the court must award attorneys' fees to a prevailing party in civil cases such as this one against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. *See* 28 U.S.C.A. § 2412(d)(1)(A) (West 2006). Here, the plaintiff is the "prevailing party" because the court remanded the case pursuant to "sentence four" of 42 U.S.C.A. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The government has the burden of showing that its position was justified. *See Pierce v. Underwood*, 487 U.S. 552, 577 (1988) (Brennan, J., concurring in part).

The government does not dispute that its position was not substantially justified in this case, and no special circumstances have been presented that would make an award of attorney's fees unjust in this case. However, because I find that the petition was untimely filed, I will deny the Motion.

Pursuant to 28 U.S.C. § 2412(d)(1)(B), "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses. . . ." The United States Supreme Court held in *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991), that a remand pursuant to sentence four of 42 U.S.C. § 405(g), as is the case here, constitutes a final judgment for EAJA purposes and that "[i]n sentence four cases, the filing period begins to run after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable." The Commissioner had 60 days to appeal the court's order remanding the case. *See* FED. R. APP. P. 4(a)(1)(B) (stating that when the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the order

appealed from is entered). For the following reasons, the petitioner had until February 24, 2010, to file the Motion.

This court's remand order was entered November 24, 2009. (Docket Item No. 17). The 60-day appeal period began to run the following day, on November 25, 2009, and ended on January 25, 2010. Thus, as of January 25, 2010, the order was no longer appealable, becoming a "final judgment." The 30-day period to file the EAJA petition began to run on January 26, 2010, and ended on February 24, 2010. Because the Motion was not filed until March 18, 2010, and because the petitioner has advanced no argument as to why the Motion was untimely filed, I will deny it as untimely.

For the foregoing reasons, the Motion will be denied and an appropriate judgment will be entered.

DATED: April 9, 2010.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE